104 F.3d 375
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas G. MOORE, Sr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5087.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1996.
 
 Before PLAGER, LOURIE, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas G. Moore, Sr., appeals from a decision of the Court of Federal Claims, No. 94-1099C, dismissing his complaint for lack of subject matter jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Mr. Moore, a former employee of the United States Department of Transportation ("DOT"), brought suit against the Government to obtain $35,000 in bonus awards. Moore alleged that DOT officials promised him bonus awards, thus binding the Government in an implied-in-fact contract. The Court of Federal Claims determined that Moore did not have a contract with the Government, and therefore dismissed the complaint for lack of jurisdiction.
 
 
 3
 Moore asserts that the DOT's Assistant Secretary for Policy and International Affairs ("Assistant Secretary") asked him to supervise a project for computerizing the filing and posting of tariffs, although this was outside of his job requirements. Moore alleges that DOT officials, including the Assistant Secretary, told him that upon successful completion of the project he "would be entitled to and be recommended for specific bonuses and awards in addition to his compensation." Moore asserts that the officials referred to an agency award of at least $10,000 and a Presidential award of $25,000.
 
 
 4
 During the time Mr. Moore worked on the tariff system, from around 1985 to 1989, cash awards for supervisory employees like Mr. Moore were authorized by 5 U.S.C. § 5407. The statute provided that the head of an agency "may" pay a cash award to an employee, 5 U.S.C. § 5407(a), and that the President "may" also pay a cash award to an employee, 5 U.S.C. § 5407(b).
 
 
 5
 Following completion of the computerization project, Moore received a "President's Council on Management Improvement and Management Excellence Award." This award did not include a cash award; however, Moore received cash bonuses totaling $4,465 based on his performance ratings in 1988, 1989, and 1990. Moore alleges that he worked on the project without any compensation, and that he should have received awards of $35,000, as allegedly promised to him.
 
 
 6
 Moore asserts that the Tucker Act, 28 U.S.C. § 1491, provides jurisdiction for his claim, based on the existence of an express or implied contract between himself and the Government. The Tucker Act provides the Court of Federal Claims with jurisdiction only if a statute, regulation, or contract entitles the plaintiff to a monetary payment from the Government.
 
 
 7
 Moore asserts the existence of an express or an implied-in-fact contract between himself and the Government. This requires proof of: (1) offer and acceptance; (2) consideration; (3) mutuality of intent to contract; and (4) authority to enter into a contract on behalf of the Government. The trial court correctly determined that Moore did not produce any documents or other competent evidence that could be construed as an express contract. As for an implied-in-fact contract, Moore failed to cite any money-mandating statute that would confer Tucker Act jurisdiction. The awards provided by section 5407 are clearly permissive; section 5407 states that the head of an agency or the President "may" pay a cash award. When the benefits of the statute remain entirely at the discretion of the executive, the statute is not money mandating. See New Am. Shipbuilders, Inc. v. United States, 871 F.2d 1077 (Fed.Cir.1989).
 
 
 8
 Moore also asserts a claim for uncompensated hours under the Fair labor Standards Act, 29 U.S.C. §§ 201-19 (1994). The Fair Labor Standards Act does not create a contract between the employee and the Government; it provides statutory requirements for employee compensation. Moreover, Moore failed to raise this issue before the trial court; he is not permitted to raise this new claim on appeal.
 
 
 9
 We have considered Appellant's other arguments and find them to be unpersuasive. For all of the foregoing reasons we affirm the decision of the Court of Federal Claims.
 
 COSTS
 
 10
 Each party to bear its own costs.